## Case No. 3,586.

### Ex parte DAVENPORT.

### In re FORTUNE.

[1 Lowell, 384;[1] 3 N. B. R. 312 (Quarto, 83).]

District Court, D. Massachusetts. Oct. Term, 1869.

BANKRUPTCY—PROOF OF CLAIMS—ASSIGNED CLAIMS.

1. The assignee of a chose in action not negotiable, may prove it against the estate of the debtor in bankruptcy upon his own deposition, without adding the deposition of his assignor.

[Cited in Re Strachan, Case No. 13,519.]

2. The deposition should show the name of the original creditor, in order to enable the assignee in bankruptcy to compare the debt with the books and accounts of the bankrupt.

3. If, as matter of form, the proof should stand in the name of the assignor, the assignee has all the rights of a creditor in the bankruptcy, including the right to take any action in the name of his assignor, but at his own expense, that may be necessary.

## Case No. 3,587.

### In re DAVENPORT.

[3 N. B. R. 77 (Quarto, 18);[1] 2 Am. Law T. 136.]

District Court, W. D. Texas. 1869.

BANKRUPTCY—FEES OF ASSIGNEE—COUNSEL FEES.

1. Assignee has no authority to make specific charges for making and setting aside certificate of exempted property; drafting acceptance and notice of appointment for publication;

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

[1] [Reprinted from 3 N. B. R. 77 (Quarto, 18), by permission.]

drafting petition for sale of property, or drafting application for order of compromise. For such acts and services the court may allow reasonable compensation in its discretion, and allows ten dollars therefor.

[Cited in Re Cook, 17 Fed. 329.]

2. A charge of court fees in drafting an order of compromise is correct, if fees were actually paid. A charge of eight dollars for one day's service in preparing advertisements is disallowed as unauthorized. A fee of three dollars allowed. A charge of seven dollars for one day's service by assignee in ascertaining value of property, allowed. Charge of five dollars for writing and delivering deed, disallowed as improper.

3. An assignee has a right to seek professional advice and to employ counsel in necessary and proper cases. Charge of seventy-five dollars for counsel fees in simply compromising an inconsiderable debt with a lien creditor, under an order of court, questioned and suspended. Referee ordered to take testimony.

4. Assignee can only properly charge commission on the amount of debt canceled by compromise with a lien-holder.

[In the matter of J. W. Davenport.]

DUVAL, District Judge. The following charges made by the assignee in this case, J. K. Williams, have been brought before me for revision, under exceptions taken by C. L. Dawson, as administrator, etc., a creditor of said bankrupt's estate; viz.:

1. Making out and setting aside certificate of exempted property....... $ 5 00
2. Drafting acceptance and notice of appointment for publication...... 8 00
3. Drafting petition for sale of property ............................. 5 00
4. Drafting application for order of compromise ..................... 5 00
5. Court fees in drafting order of compromise ..................... 3 00
7. One day's service in preparing advertisements for sale in newspaper and handbills............... 8 00
9. One day's service in ascertaining value of property and fixing compromise ....................... 7 00
10. Writing and delivering deed....... 5 00
11. To my attorney, S. T. Newton, for services and counsel rendered in making compromise and settlement of said estate................... 75 00
12. My percentage on whole amount of said debt and interest, $1,662.60... 66 56

The debt due Dawson, as administrator, etc., amounted to sixteen hundred and sixty-two dollars and sixty cents, secured by judgment thereon, with a credit of seven hundred dollars on the same. The only money in the hands of the assignee was that arising from the lien property, except ten dollars received for a lot in Tyler.

Nos. 1, 2, 3, and 4. I see nothing in the law to authorize the assignee to make these charges. They refer to acts done, for which the court may, in its discretion, allow a reasonable compensation to the assignee, as a part of the general service rendered by him in the case, but they furnish no basis for the specific charges made. They are, therefore, disallowed, and in their place ten dollars is allowed as a sufficient compensa-

tion for the services charged for in the above items.

Item 5. This charge is correct, if the money was paid to the register or any other officer of the court.

Item 7. This charge is not authorized by law. For the service to which it refers, I think three dollars would be ample compensation, and this much and no more is allowed.

Item 9. The charge of seven dollars embraced in this item is reasonable enough, if the time was actually employed for the purpose, as charged.

Item 10. Unauthorized and improper. The purchaser should write his own deed, or cause it to be done. The charge is disallowed.

Item 11. In prosecuting or defending suits, the assignee has the right to employ counsel, and so I conceive he has in any matter where legal advice is really necessary to enable him to act for the interest of the estate or of creditors. But I should doubt greatly the necessity of employing a professional adviser in a case like the present, where the assignee is proceeding, under an order of the court, and with the law to guide him, to compound or compromise an inconsiderable debt with a lien creditor. It is that character of proceedings in which an assignee, of ordinary intelligence, would be able to act for himself, and would rarely need the aid of an attorney. I am at a loss to know what legal questions arose, in connection with the compromise made in this case, that rendered it necessary for the assignee to have professional aid. In addition to this, it appears to me that the charge made is extravagant. At present, I shall neither allow nor disallow it, but will refer the mattter to the register, who will proceed as hereinafter directed.

Item 12. The creditor excepts to this charge, because commission is computed on the sum of sixteen hundred and sixty-two dollars and sixty cents, when the whole proof of debt shows only that amount, less a credit of seven hundred dollars and interest. In my opinion the assignee could only rightfully charge commission on the amount of debt canceled, which amount not being given in the papers before me, I cannot say what it is. It cannot, however, be more than the amount of the debt proven up, viz.: nine hundred and sixty-two dollars and sixty cents. Moreover, while property, upon which a lien exists, should be held to pay all charges and expenses incurred in making the transfer to the beneficiary thereof, as well as a reasonable compensation to the assignee for services rendered therein, it should not be charged with anything more, nor for any expenses or fees incurred in the general business of the bankrupt's estate. To this charge for commission, I therefore sustain the exception of the creditor, but allow it to the extent before stated.

In regard to the charge embraced in No. 11, Mr. Register Whitmore is hereby directed, without delay, to hear evidence both as to the necessity which existed for the employment of counsel by the assignee, and the propriety of the amount charged. To this end, the assignee himself, as well as the attorney, may be examined under oath, and such other evidence received as may be pertinent and proper. And thereupon, the said register shall determine whether any charge for counsel fee be allowed, and if so, the amount thereof. His decision thereon, together with the evidence on which it is based, to be certified to me for revision, in case the creditor or assignee so desires. The clerk at Tyler will certify this decision to Mr. Register Whitmore.